# UNITED STATES DISTRICT COURT
for the
Southern District of Georgia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>THE VEHICLE DESCRIBED AS Toyota Camry,<br>Tennessee Tag: 883-BHPG, VIN: 4T1S11AK6RU206226 | Case No. 1:24mj082 |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____Southern_____ District of _____Georgia_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S. Code § 1111 | Murder |

The application is based on these facts:
See Attached Affidavit of Special Agent, DACID Travis J. Brewer executed on December 23, 2024.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Travis J. Brewer, Special Agent, DACID
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____Teleconference_____ *(specify reliable electronic means)*.

Date: 12/23/24

*Judge's signature*

City and state: Augusta, Georgia       Brian K. Epps, United States Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: THE VEHICLE DESCRIBED AS 2024 TOYOTA CAMRY, TENNESSEE TAG: 883-BHPG, VIN: 4T1S11AK6RU206226 | Case No. 1:24mj082 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION UNDER RULE 41 FOR A
WARRANT TO SEARCH AND SEIZE**

I, Travis J. Brewer, Special Agent (your affiant) with the United States Army Department of Criminal Investigation (hereinafter "DACID"), being first duly sworn, hereby depose and state under penalty of perjury as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to search one Toyota Camry (herein after "Subject Vehicle") further described in Attachment A, for the things described in Attachment B.

2. Your affiant generated this affidavit in support of an application for a search warrant for the interior of a vehicle registered to Natravien Reshawn Landry. Landry is identified as a black male, and is a national guard soldier assigned to 1148th Transportation Company, Fort Eisenhower, GA.

3. Landry was charged via a complaint for violation of 18 U.S. Code § 1111, Murder on December 15, 2024 for a shooting that occurred on December 14,

1

2024 on the Fort Eisenhower Army Installation, Richmond County, Southern District of Georgia

4. I am a Special Agent with the United States Army Criminal Investigation Division (CID) and have been so employed since July 2022. As a function of my current assignment, I have received training, communicated with other law enforcement officers who specialize in investigations regarding weapons, weapons violations, and crimes involving narcotics.

5. Prior to my current capacity, I was employed for approximately ten years, as a sworn law enforcement officer in the State of California, certified pursuant to California P.C. 832 and the CA Peace Officer Standards and Training (POST); where, as a requirement, I completed the 920-hour CA POST Basic Course, accompanied by four months of Field Training. My experience included conducting surveillance, interviewing witnesses, victims, and subjects, and preparing and executing search warrants. I routinely conducted investigations into gang activity, as well as participated in firearm and narcotics related investigations.

6. All DACID Special Agents (military and civilian) are recognized as Federal Law Enforcement agents under Title 28 Code of Federal Regulations (CFR), Section 60.3(a)(2)(28 CFR 60.3a(2)).

**PROBABLE CAUSE**

7. On 14 December 2024, at 0730, the Directorate of Emergency Services, Fort Eisenhower, GA (hereinafter "FEGA") notified the DACID Resident Unit, that

Landry shot Victim, whose initial are A.S. at the on-post residence on FEGA of Witness #1.

8. Installation gate records revealed Landry entered FEGA at approximately 0445, reported for drill duty and was released at approximately 0700. Records reflect that Landry was to report again at 0800 and had an hour break between shifts. Landry drove to Witness #1's residence and arrived at approximately 0715. DACID conducted preliminary interviews of the residents and occupants.

9. Witness #1 stated that she was in a romantic relationship with Victim, who was visiting her residence. Witness #1 had a prior relationship with Landry from which they shared a child. Landry had expressed prior jealousy toward Victim, due to his close friendship with Witness #1. Witness #1 stated on the morning of 14 Dec 2024, she awoke to a commotion in her bedroom, where she and Victim were sleeping, and saw Landry standing near the entrance of the room. Witness #1 walked to the room entrance to attempt to talk to Landry. Landy indicated he recognized Victim. She turned away from Landry, toward Victim, and heard a gunshot from Landry's position.

10. Witness #2 (aunt of Witness #1 and #3 and a resident at incident address) reported that the morning of, 14 Dec 24, as she was preparing to leave the residence, she observed Landry parked across the residence in Subject Vehicle. Witness #2 then saw Landry walk to the doorstep of the residence. Witness #2 said

Landry was wearing a military uniform. Landry asked Witness #2 who owned the black truck parked outside the residence.

11. Witness #3 (sister of Witness #1 and a resident at incident address) opened the front door to allow Witness #2 reentry. Landry gained entry into the home as Witness #2 came back in. Witness #2 heard a gunshot and saw a gun flash in the hallway outside Witness #1's second-story bedroom.

12. Witness #3 stated she observed Landry enter the residence, walk upstairs, and shoot at Victim. She observed Landry leave the residence without further incident.

13. Witness #4, also an aunt of Witness #1 and #3, stated Landry and Witness #1 got into a physical altercation in the second-story hallway of the residence. Witness #4 heard a gunshot and saw Witness #1 fall to the ground in front of Landry. Witness #4 stated she thought Witness #1 was shot, but she observed Victim stumble from Witness #1's bedroom and fall down the stairs. Witness #4 stated she observed Landry in possession of a small firearm, and further observed him depart the residence without further issue or incident.

14. A 911 caller described Subject Vehicle as the vehicle Landry left the scene in.

15. Emergency Medical Services transported Victim to Dwight David Eisenhower Medical Center (hereinafter "DDEAMC"), FEGA, where Dr. Andrew

Jackson, Emergency Department, DDEAMC, FEGA pronounced Victim deceased at 0825, 14 Dec 24 from a gunshot wound to the chest.

16. MPI issued a BOLO for Landry which included the state of Georgia and South Carolina due to cell phone pings, FLOCK camera sightings, and exigent request from Toyota Automotive to provide updated location of the Subject Vehicle.

17. At 1055, 14 Dec 24, Meriwether County Sheriff's Office (MCSO), GA, located Landry at Mile Marker 29 on I-85 S, GA, driving the Subject Vehicle. MCSO conducted a felony stop, without incident. The Subject Vehicle was consistent with the eye-witness accounts of the vehicle driven from the scene by Landry. Records reflect the Subject Vehicle is registered to Landry. Upon stopping, Landry threw a Glock 9mm pistol from the Subject Vehicle. He was arrested without incident. Cursory inspection of the vehicle revealed a military uniform inside. This uniform was collected by officers with Landry's consent. The rest of the Subject Vehicle was not searched at that time.

18. Landry was transported to Meriweather County Jail where he was Mirandized and interviewed by Affiant and other officers. Landry admitted to, among other things, shooting Victim. The interview was video and audio recorded.

19. DACID completed a death scene examination of the residence and recovered a single 9mm casing from the second story of the residence.

## JURISDICTION

20. The DACID Resident Unit, Fort Eisenhower, GA has primary jurisdiction on the Fort Eisenhower, GA installation and its territories. Fort Eisenhower is located in Richmond County, which is located within the Southern

5

District of Georgia. This court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C § 2711(3)(A)(ii). Specifically, "the term 'court of competent jurisdiction' includes any district court of the United States (including a magistrate judge of such a court)…that…is in for a district in which the criminal act occurred. The United States Army utilizes the United States District Courts to obtain evidence because it lacks any other mechanism to obtain an arrest warrant. In this case, DACID is seeking permission from the United States District Court for the Southern District of Georgia to obtain arrest warrant for Landry.

## CONCLUSION

21.     The facts in this affidavit come from my personal observations, my training and experience, the information obtained throughout this investigation thus far, information from other DACID Agents and the accounts of the aforementioned witnesses. This affidavit is intended to show merely that there appears to be sufficient probable cause for the purpose of only requesting a search warrant; therefore, does not set forth each and every fact I have learned during the course of my investigation.

22.     Your Affiant knows through knowledge, training, and experience that based on the investigation, there is probable cause to believe that Landry murdered Victim and used suspect vehicle to flee the scene directly after and suspect vehicle contains evidence of the crime including blood, fibers, and potential trace evidence on the interior, as well as additional evidence which may be used to link Landry to the aforementioned crime.

23. Based on the facts set forth in this affidavit, there is probable cause to believe that evidence of the above-listed crime, as further described in Attachment B, exists in Subject Vehicle.

24. I submit that this affidavit supports probable cause for a warrant to search the premises described in Attachment A and seize the items described in Attachment B.

        Respectfully submitted,

        Travis J. Brewer
        Special Agent, DACID

Sworn to me through reliable electronic means in accordance with Fed. R. Crim. P. 4.1 on December  23 , 2024:

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

## ATTACHMENT A

*Vehicle to Be Searched*

The vehicle to be searched is the entire vehicle identified as a 2024 Toyota Camry, white, Tennessee Tag: 883-BHPG, VIN: 4T1S11AK6RU206226, registered to Natravien Landry (hereinafter "Subject Vehicle"). The vehicle to be searched include any compartments to the Subject Vehicle, including but not limited to: the trunk, glove compartment, console, engine compartment, and all other boxes, bags, or other containers located within the Subject Vehicle.

## ATTACHMENT B

*Particular Things to be Seized*

The items to be seized are evidence, fruits, and instrumentalities of a violation of Title 18, United States Code, Section 1111(a), including, but not limited to:

1. Any item which may be associated with the crime to include but not limited to ammunition, weapon parts, weapon accessories, etc.;

2. Any blood evidence from the victim of said murder;

3. Any documents relating to the murder